IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MICHAEL TYRONE MACK ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:25-cv-00253 |
| v. ) | |
| ) | |
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT CSX TRANSPORTATION, INC.'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant CSX Transportation, Inc. ("CSX"), by and through its undersigned counsel, hereby answers the Complaint filed by Plaintiff Michael Tyrone Mack. CSX denies all of the allegations contained in the Complaint unless expressly admitted herein. CSX answers the allegations in the like-numbered paragraphs of the Complaint as follows:

### INTRODUCTION

1. CSX admits that it is one of the largest railroads in the United States, that it operates a 365-days-a-year business, and that some employees must work on weekends and holidays. CSX lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding what certain unspecified employees understand about their employment, and thus denies those allegations on that basis. CSX further denies that it

requires employees to work through serious illnesses, miss their children's births, and/or choose between caring for their sick loved ones and keeping their jobs.

2. The first sentence of Paragraph 2 states a conclusion of law as to which no response is required. To the extent any response is required, CSX admits that the Family Medical Leave Act ("FMLA") entitles eligible employees to take leave for specified family and medical reasons, subject to various terms and conditions. CSX denies the remaining allegations contained in Paragraph 2.

3. CSX admits that, under its attendance policy applicable to some employees, employees accrue points for certain absences (not including FMLA leave), and that points are deducted from an employee's accumulated point total provided the employee does not accrue any points and has not otherwise been absent for any reason, with certain exceptions, over a specified period of time. CSX further admits that an employee who takes leave for vacation, personal leave, jury duty, a work-related illness or injury with a valid doctor's note, or paid bereavement leave remains eligible to have attendance points removed from their record. CSX denies the remaining allegations contained in Paragraph 3.

4. CSX denies the allegations contained in Paragraph 4.

5. CSX denies the allegations contained in Paragraph 5.

6. CSX denies violating the FMLA. CSX admits that, in March 2018, some current and former CSX employees filed *Bell v. CSX Transportation, Inc*., No. 1:18-cv-744 (D. Md.), a putative class action lawsuit alleging various FMLA claims (including that CSX's attendance policy violates the FMLA and that plaintiffs were disciplined in

retaliation for taking FMLA leave). CSX further admits that the *Bell* plaintiffs did not ultimately seek class certification. Plaintiff's allegation that the *Bell* case stayed the statute of limitations for all putative class members is a legal conclusion to which no response is required. To the extent any response is required, CSX denies the allegation. CSX lacks knowledge or information sufficient to form a belief as to the allegation that Mack brings this suit because the *Bell* plaintiffs did not seek class certification, and therefore denies that allegation on that basis. CSX further denies each and every remaining allegation contained in Paragraph 6.

## PARTIES

7. CSX admits the allegations contained in Paragraph 7.

8. CSX admits the allegations contained in Paragraph 8.

## JURISDICTION AND VENUE

9. The allegation contained in Paragraph 9 states a conclusion of law as to which no response is required. To the extent any response is required, CSX admits that this Court has jurisdiction over Plaintiff's FMLA claims under 28 U.S.C. § 1331.

10. Plaintiff's allegation that venue is proper in this district is a legal conclusion to which no response is required. To the extent any response is required, CSX admits that venue is proper in this district.

## FACTUAL ALLEGATIONS

11. CSX admits the allegations contained in Paragraph 11.

12. CSX admits the allegations contained in Paragraph 12.

13. CSX denies the allegations contained in Paragraph 13.

14. CSX denies the allegations contained in Paragraph 14.

15. CSX denies the allegations in Paragraph 15 insofar as they imply that CSX requires employees to work through serious illnesses, miss their children's birth, and/or choose between working and caring for their sick loved ones. CSX lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding what certain unspecified employees know or do not know about their employment, and thus denies those allegations on that basis. CSX further denies any remaining allegations contained in Paragraph 15.

16. CSX lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 16, and therefore denies it.

17. CSX denies the allegations contained in Paragraph 17.

18. CSX denies the allegations contained in Paragraph 18.

19. CSX denies the allegations contained in Paragraph 19.

20. CSX admits that, under its attendance policy applicable to some employees, employees accrue points for certain absences (not including FMLA leave), and that the accumulation of points can eventually lead to an employee's dismissal. CSX further admits that points are deducted from an employee's accumulated point total provided the employee does not accrue any points and has not otherwise been absent for any reason, with certain exceptions, over a certain period of time. CSX denies any and all remaining allegations contained in Paragraph 20.

21. CSX denies the allegations contained in Paragraph 21.

22. CSX admits that employees who take leave for approved vacation, personal leave, jury duty, work-related illness or injury with a valid doctor's note, or paid bereavement leave remain eligible to have points removed from their record. CSX denies each and every remaining allegation contained in Paragraph 22.

23. CSX denies the allegations contained in Paragraph 23.

24. CSX denies the allegations contained in Paragraph 24.

25. CSX denies the allegations contained in Paragraph 25.

26. CSX denies the allegations contained in Paragraph 26.

27. CSX denies the allegations contained in Paragraph 27.

28. CSX admits that its collective bargaining agreements generally provide that employees charged with rule violations are entitled to a hearing before discipline is assessed, and avers that such hearings are conducted in accordance with the terms of the applicable collective bargaining agreement. CSX also admits that hearing officers are members of management, and that hearings on charges typically take less than one day. CSX denies each and every remaining allegation contained in Paragraph 28.

29. CSX denies the allegation contained in Paragraph 29.

30. CSX lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, and therefore denies them.

31. CSX lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, and therefore denies them.

32. CSX lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, and therefore denies them.

33. CSX admits that Plaintiff requested intermittent FMLA leave. CSX lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation contained in Paragraph 33, and therefore denies it.

34. CSX admits the allegation contained in Paragraph 34.

35. CSX denies the allegations contained in Paragraph 35.

36. CSX admits that it charged Plaintiff for using FMLA leave dishonestly, and that, after a hearing, Plaintiff was suspended. CSX denies each and every remaining allegation contained in Paragraph 36.

37. CSX denies the allegations contained in Paragraph 37.

38. CSX lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the way in which neuropathy affects "many people" and the reasons why those people might experience flare-ups, and therefore denies those allegations on that basis. CSX further denies each and every remaining allegation in Paragraph 38.

39. CSX denies that Plaintiff's discipline was based solely on a suspicious pattern of taking FMLA leave. CSX lacks knowledge or information sufficient to form a belief as to the remaining allegation contained in Paragraph 39, and therefore denies it.

40. CSX lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and therefore denies them.

41. CSX denies the allegations contained in Paragraph 41.

42. CSX denies the allegation contained in Paragraph 42.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FMLA-INTERFERENCE

43. Paragraph 43 states a conclusion of law as to which no response is required. To the extent that any response is required, CSX admits the allegation contained in Paragraph 43.

44. Paragraph 44 states a conclusion of law as to which no response is required. To the extent that any response is required, CSX admits the allegation contained in Paragraph 44.

45. CSX denies the allegations contained in Paragraph 45.

46. CSX denies the allegations contained in Paragraph 46.

### COUNT II
### VIOLATIONS OF THE FMLA-DISCRIMINATION

47. Paragraph 47 states a conclusion of law as to which no response is required. To the extent that any response is required, CSX admits the allegation contained in Paragraph 47.

48. CSX denies the allegations contained in Paragraph 48.

49. CSX denies the allegations contained in Paragraph 49.

### PRAYER FOR RELIEF

50. CSX admits that Plaintiff seeks the relief described in Paragraph 50 but denies that Plaintiff is entitled to that or any other relief.

51. CSX admits that Plaintiff seeks the relief described in Paragraph 51 but denies that Plaintiff is entitled to that or any other relief.

## AFFIRMATIVE DEFENSES

In addition to the foregoing responses to the particular allegations in the Complaint, and without conceding that it bears the burden of proof as to any issue, CSX asserts the following further defenses to Plaintiff's Complaint:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

At all times, CSX acted in good faith and had reasonable grounds for believing that its actions towards Plaintiff did not violate the FMLA or any other law.

## THIRD DEFENSE

Plaintiff's claims are precluded, in whole or in part, by the Railway Labor Act, 45 U.S.C. § 151 *et seq.*

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## FIFTH DEFENSE

Plaintiff's claims are time-barred.

## SIXTH DEFENSE

Plaintiff's claims regarding his discipline for using FMLA leave dishonestly are barred by the doctrine of collateral estoppel.

## SEVENTH DEFENSE

Plaintiff's claims for lost wages and benefits are barred, in whole or in part, to the extent that he failed to mitigate his alleged damages.

## EIGHTH DEFENSE

CSX is entitled to set-off credit against Plaintiff's damages, if any, for any such amounts he received from any source whatsoever with respect to the issues covered by this suit.

***

CSX reserves the right to assert and does not waive any additional or further defenses as may be revealed during discovery or otherwise and reserves the right to amend this Answer to assert any such defenses.

May 27, 2025

*/s/ Christopher M. Kelly*
Christopher M. Kelly
GALLIVAN, WHITE & BOYD P.A.
6805 Carnegie Blvd., Suite 200
Charlotte, NC 28211
(704) 227-1940
ckelly@gwblawfirm.com

Thomas R. Chiavetta (*pro hac vice motion forthcoming*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
(202) 879-3975
tchiavetta@jonesday.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 27, 2025, a true and accurate copy of the foregoing was filed using the CM/ECF system which will send notification of such filing to Plaintiff's counsel.

                                                 */s/ Christopher M. Kelly*